**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 2 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN CARLOS RODRIGUEZ MIRANDA,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.   16-70813

Agency No. A087-749-889

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Juan Carlos Rodriguez Miranda, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's removal order, and denying his motion to remand.

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

denial of a motion for a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2009). We review for abuse of discretion the denial of a motion to remand, and review de novo constitutional claims. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921, 923 (9th Cir. 2007). We deny the petition for review.

The agency did not abuse its discretion in denying Rodriguez Miranda's request for an eighth continuance where he did not demonstrate good cause. *See* 8 C.F.R. §§ 1003.29, 1003.31(c); *Ahmed*, 569 F.3d at 1012 (listing factors to consider). It follows that Rodriguez Miranda's due process claim fails for lack of error. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

The BIA did not abuse its discretion in denying Rodriguez Miranda's motion to remand based on ineffective assistance of counsel, where Rodriguez Miranda did not show that any deficiency in his former counsel's performance accounted for his failure to timely file an application for relief. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (to demonstrate ineffective assistance of counsel, petitioner must show counsel failed to perform with sufficient competence).

We reject Rodriguez Miranda's contentions that the agency failed to consider relevant evidence or insufficiently explained its decisions. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on

2

every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**